Upon review of the competent evidence of record, and finding no good grounds to receive further evidence, the Full Commission, upon reconsideration of the evidence, modifies and affirms the Opinion and Order of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer on from 18 June 1979 until 9 September 1996.
3. Plaintiff's average weekly wage varied during his employment.
 ***********
Based upon all the competent, credible evidence adduced from the record and the reasonable inferences there from, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of hearing, plaintiff was a 46-year-old male with various experiences as an employee of Volvo GM Heavy Truck Corporation, having been employed by Volvo GM Heavy Truck Corporation since 1979. Plaintiff was treated for problems with his back with several physicians including Dr. Deaton and Dr. Tury.
2. Plaintiff testified that his back problems began with an injury in 1985 when he bent over to pick up a piece of steel, felt a sharp pain in his back, and dropped the piece of steel.
3. Plaintiff had no injuries to his back since that incident. Since 1985, plaintiff's back problems worsened to the point that he needed back surgery in 1997.
4. Plaintiff saw a Dr. Maultsby approximately four weeks after the 1985 injury to his back. Plaintiff received four weeks of therapy.
5. Over the next few years plaintiff received occasional treatment from Dr. Maultsby. After Dr. Maultsby closed his practice, plaintiff sought treatment for his back problems with Dr. Tury and Dr. Roy.
6. Plaintiff first saw Dr. Philip C. Deaton on 11 December 1996. Dr. Deaton ordered a MRI and continued treating plaintiff into 1997.
7. Plaintiff's symptoms continued to worsen to the point that Dr. Deaton performed a surgical decompression at the level of L3-L4 and L4-L5 on 10 April 1997.
8. While Dr. Deaton attributed plaintiff's condition to the degenerative changes that occur with all of us, he stated that the disc protrusion might be of a little different pathology or cause. Dr. Deaton, however, could not identify a single event or specific cause for the disc protrusion.
9. Plaintiff did not file a Form 33 until 1997.
10. There is no evidence of record to support findings that plaintiff's condition was caused by conditions characteristic and peculiar to his employment. To the contrary, Dr. Deaton explained that the spinal stenosis found in plaintiff is not related to any specific type of work and that he could not state with specificity that plaintiff's job was a direct cause of his spinal stenosis.
11. There is no evidence of record to support a finding that plaintiff's employment with defendant-employer placed him at greater risk of having back problems of the type plaintiff had and for which plaintiff was treated as compared to the general public not so employed.
12. Plaintiff has not been exposed to a disease to which the general public is not equally exposed to outside of plaintiff's employment. Dr. Tury explained that plaintiff's spinal condition is caused by lifting and that he was not aware of plaintiff's specific work duties. Dr. Deaton described plaintiff's condition as part of the degenerative changes that occurs with all of us.
13. There is no evidence of a specific traumatic injury to plaintiff's back other than the 1985 injury.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. Because plaintiff did not file a claim with the North Carolina Industrial Commission within the prescribed two-year period, plaintiff is barred from receiving the right to compensation under the North Carolina Workers' Compensation Act for his alleged 1985 injury. N.C. Gen. Stat. § 97-24(a).
2. Plaintiff has failed to establish that he sustained a compensable occupational disease. N.C. Gen. Stat. § 97-53(13). Plaintiff must prove three elements to establish existence of an occupational disease: (1) there must be proof of a causal connection between the disease and the employment, (2) the disease must be characteristic of a trade or occupation, and (3) the disease must not be an ordinary disease of life to which the public is equally exposed outside of employment. N.C. Gen. Stat. § 97-53 (13); Perry v. Burlington Indus., Inc. 80 N.C. App. 650,343 S.E.2d 215 (1986), citing Hansel v. Sherman Textiles, 304 N.C. App. 44,283 S.E.2d 101 (1981). To be "characteristic of" or "peculiar for" an occupation, there must be an increased risk of contracting the disease in question caused by the employment. Booker v. Duke Medical Center,297 N.C. App. at 458, 256 S.E.2d at 189 (1979). The burden of proving each and every element of compensability falls squarely on plaintiff.Hansel, 304 N.C. App. at 54, 283 S.E.2d at 106. Based on the competent evidence of record, plaintiff's back problems that are the subject of this claim are not due to conditions characteristic of and peculiar to his employment at Volvo GM Heavy Truck Corporation. Plaintiff's employment did not place him at an increased risk of developing his back problems. Plaintiff was not exposed to a disease to which the general public is not equally exposed to outside employment. Therefore, plaintiff did not sustain an occupational disease pursuant to N.C. Gen. Stat. § 97-53(13).
3. Plaintiff is not entitled to any benefits under the Workers' Compensation Act. N.C. Gen. Stat. §§ 97-2(6); 97-52; 97-53.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act is DENIED.
2. Each side shall pay their own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER